```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HOLLANDER GLASS TEXAS, INC.,                                :
                                                            :
                             Plaintiff,                     :
                                                            :
              - against -                                   :   17-CV-2105 (VSB) (GWG)
                                                            :
ROSEN-PARAMOUNT GLASS CO., INC., et                         :        ORDER
al.,                                                        :
                                                            :
                             Defendants.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/1/2019__

VERNON S. BRODERICK, United States District Judge:

Plaintiff Hollander Glass Texas, Inc. ("Hollander") brought this action against Defendants Rosen-Paramount Glass Co., Inc. and Stanley Rosen (together, the "Rosen Defendants"), and Rosen Paramount Glass & Mirror, LLC ("RPGM") and David Gutman (together, the "Gutman Defendants"), alleging claims for copyright infringement, trademark infringement, and unfair competition under the Lanham Act, and trademark infringement under New York law. (Docs. 1, 27.)

Before me is Magistrate Judge Gabriel W. Gorenstein's unchallenged Report and Recommendation, issued on March 13, 2018 ("Report"), recommending that I enter judgment for Plaintiff in the amount of $48,173.31, consisting of $25,000 in statutory damages and $23,173.31 in attorneys' fees and costs. (Doc. 70.) Because neither party has objected to the Report, and because I find that Judge Gorenstein's Report is thorough and detailed, I accept and adopt its findings and recommendations in their entirety.

## I. Factual and Procedural Background

The facts set forth in the Report are incorporated herein by reference unless otherwise noted. I assume familiarity with the facts and recite here only those facts necessary for an understanding of the issues before me.

Plaintiff filed its complaint against the Rosen Defendants on March 23, 2017. (Doc. 1.) Plaintiff, after discovering that Rosen had sold the business to Gutman, amended its complaint to name the Gutman Defendants. (Doc. 27.) Plaintiff settled with the Rosen Defendants, and after the Gutman Defendants failed to respond to the complaint sought and obtained from the Clerk of Court a certificate of default against them on August 3, 2017. On August 24, 2017, I entered an Order requiring the Gutman Defendants to show cause why a default judgment should not be entered against them. (Doc. 41.) The Gutman Defendants did not appear at the show cause hearing, and they did not request an adjournment. Accordingly, I ordered that a default judgment be entered against the Gutman Defendants, and I referred the case for an inquest on damages. (Doc. 46.) Judge Gorenstein issued his Report on March 13, 2018. (Doc. 70.) The Gutman Defendants have not appeared in this litigation, and neither Plaintiff nor the Gutman Defendants filed objections to the Report.

## II. Analysis

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, the Report was filed on March 13, 2018. (*See* Doc. 70.) Although the Report explicitly provided that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days . . . from service of this Report and Recommendation to file any objections," (*id.* at 17), neither party filed any objections. I therefore review Judge Gorenstein's thorough and well-reasoned Report for clear error and find none.

### III. Conclusion

Accordingly, I adopt the Report in its entirety. Plaintiff shall receive statutory damages in the amount of $25,000, attorneys' fees in the amount of $21,904, and costs in the amount of $1,269.31. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff and close this case.

SO ORDERED.

Dated: February 1, 2019
New York, New York

Vernon S. Broderick
United States District Judge